```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
EDGARDO CINTRON,
                                                              :
                          Petitioner,
                                                              :
         -against-                                              REPORT AND RECOMMENDATION
                                                              :
EDWARD DONNELLY, Superintendent,              :                 03 Civ. 9810 (LAP)(KNF)
Wende Correctional Facility,
                                                              :
                          Respondent.
                                                              :
------------------------------------------------------------- X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Edgardo Cintron, proceeding pro se, brings this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The petitioner alleges his confinement by New York State is unlawful because he was denied due process by: (1) the trial court's determination to respond to a deliberating jury's request, without consulting his counsel; (2) the trial court's refusal to permit the jury to visit the crime scene; (3) the prosecution's misconduct during summation; (4) the prosecution's use of perjured testimony, from a witness who has since recanted, to secure his conviction; (5) the prosecution's use of trial testimony it knew or should have known was false; and (6) the prosecution's failure to disclose exculpatory evidence. The respondent opposes the petition contending that: (a) the claim regarding the trial court's response to the jury's request is procedurally barred from review by the court because the state court's decision denying this

1

claim rested on independent and adequate state-law grounds; (b) the claims respecting the trial court's refusal to permit the jury to visit the crime scene and the prosecution's summation misconduct are unexhausted, but have been forfeited; and (c) the state court's adjudication of the witness recantation and failure to disclose exculpatory evidence claims did not constitute an unreasonable application of the Supreme Court's precedent.

## II. BACKGROUND

On July 24, 1990, at around 1:45 a.m., Hassain Tatum ("Tatum") was driving on the Cross Bronx Expressway when a barrage of bullets struck his car, killing him instantly. At that time, Lorenzo Padin ("Padin"), a teenager who had just left a Bronx police precinct and was walking along Pugsley Avenue, heard gunshots. Padin decided to investigate and proceeded to walk toward Ellis Avenue. There he saw the petitioner on a rooftop firing a semi-automatic rifle, mounted on a bipod. Padin recalled that Cintron fired approximately 30 shots. He observed some of the shots hit the car carrying Tatum. Two days later, on July 26, 1990, Padin was arrested for possessing firearms. During questioning by police officers, Padin implicated the petitioner in Tantum's shooting. Thereafter, Cintron was indicted by a Bronx County grand jury for the crimes of second degree murder (two counts), first degree manslaughter, second and third degree criminal possession of a weapon, first degree criminal use of a firearm, first degree reckless endangerment (two counts), second degree assault and second degree unlawful discharge of small-arms.

Cintron elected to have a jury trial. His first trial ended in a hung jury. The presiding judge at that trial denied the petitioner's request that the jury visit the crime scene. The presiding judge reasoned that "viewing the scene will not in any way assist the jury in resolving the issues."

All the rulings made by the court during the petitioner's first trial were adopted by the judicial officer who presided at the petitioner's second trial. At his second trial, among other things, the jury heard testimony from Padin that, on July 24, 1990, when he reached Ellis Avenue, he first saw the petitioner through a fire escape and then moved to the middle of the street, from where he could see more clearly, and easily recognized the petitioner as his friend's brother. Padin also testified that he had no motive to implicate the petitioner in the shooting because he did not owe him money and had no quarrel with Cintron.

The trial progressed to the final argument stage of the litigation. During his final argument, the prosecutor made certain statements that appeared to shift the burden of proof to the petitioner and to vouch for Padin's credibility. The prosecutor told the jury, among other things, that, if a fact was not controverted, it can be "taken to the bank" and that there was nothing in the record to controvert Padin's testimony. The prosecutor also suggested to the jury that, because he represented the People of the State of New York, the jury could infer the prosecutor's witness, Padin, testified truthfully. The petitioner's trial counsel objected to the prosecutor's statements; his objections were overruled.

While the jury impaneled for the petitioner's second trial was deliberating, it sent the trial judge several requests. The court's response to two of them follows.

> There are two notes here, the second of which the attorneys haven't seen but I will advise them of what is in it. . . . The jurors have asked to be allowed to go to Ellis and Pugsley at the Cross Bronx Expressway. For obvious reasons, that cannot occur. You'd have to have July 24, 1990 replicated in order to do that. Any other condition might be something different. You have to rely on what Mr. Padin said he saw and whatever problems you have with that, that's your own problem. If you don't believe what he said then you reject what he said. If you believe what he said then what he says occurred, that's what this is all about. We're talking about his credibility. We're not talking about the physical conditions and thing.

3

After disposing of the jury's request to visit the crime scene, the court responded to the jury's remaining request by directing that Padin's entire trial testimony be read to them.  Once that exercise was completed, the jury was excused from the courtroom for its dinner break.  Immediately after the jury exited the courtroom, the petitioner's trial counsel objected to the court's denial of the jury's request to visit the crime scene and urged the court to reconsider its determination.  Cintron's counsel explained that the physical layout of the crime scene, and not the credibility of a trial witness, was the essence of the petitioner's defense.  The trial court denied the application.  No protest was lodged by the petitioner's counsel concerning the court's failure to follow New York's procedures applicable to notes submitted to a court by a deliberating jury.  See People v. O'Rama, 78 N.Y.2d 270, 277-78, 574 N.Y.S.2d 159, 162-63 (1991);  New York Criminal Procedure Law ("CPL") § 310.30.

The petitioner was convicted on June 12, 1992, for murder in the second degree.  He was sentenced to an indeterminate term of imprisonment of twenty-five years to life.  On direct appeal to the New York State Supreme Court, Appellate Division, First Department, the petitioner raised three federal due process violation claims: (1) the trial court responded to a note from the deliberating jury without consulting his attorney; (2) the trial court denied, improperly, a request from the jury to visit the crime scene; and (3) the prosecutor committed misconduct during the delivery of his summation.  On June 13, 2000, the Appellate Division affirmed the petitioner's conviction unanimously, see People v. Cintron, 273 A.D.2d 84, 709 N.Y.S.2d 67 (App. Div. 1st Dep't 2000), and the New York Court of Appeals denied Cintron's application for leave to appeal to that court.  See People v. Cintron, 95 N.Y.2d 889, 715 N.Y.S.2d 380 (2000).

In November 2001, the petitioner made a motion in the trial court, pursuant to CPL §

440.10, to vacate his judgment of conviction, claiming that: (1) he was entitled to a new trial because Padin had recanted his trial testimony, and two others corroborated Padin's new account of the shooting incident, all of which Cintron maintained was new evidence; and (2) the prosecution knew or should have known that Padin's trial testimony was false.  The trial court denied the petitioner's motion, without holding a hearing.  It found that: (a) the affidavit through which Padin had recanted his trial testimony was not newly discovered evidence, in the context of a collateral challenge to a judgment of conviction; (b) the affidavits proffered by Cintron, of two other persons, who placed Padin in their company approximately two hours before the shooting, did not corroborate Padin's account of his location at the time of shooting; and (c) allegations of witness coercion by law enforcement were rebutted fully by the clear and open record in the case.  The Appellate Division affirmed the trial court's determination of the motion unanimously.  See People v. Cintron, 306 A.D.2d 151, 763 N.Y.S.2d 11 (App. Div. 1st Dep't 2003).  The New York Court of Appeals denied an application, by the petitioner, for leave to appeal to that court.  See People v. Cintron, 100 N.Y.2d 641, 769 N.Y.S.2d 207 (2003).  Thereafter, the instant petition for a writ of habeas corpus was filed in this court.

### III. DISCUSSION

A federal court may not review a question of federal law decided by a state court if the state court's decision rested on a state-law ground, be it substantive or procedural, that is independent of the federal question and adequate to support the judgment.  See Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553-54 (1991).  The petitioner claims that he was denied his constitutional right to due process when the trial court responded to a request it received from the deliberating jury to visit the crime scene, without revealing the note to and

consulting about it with his trial counsel. In his direct appeal to the New York Supreme Court Appellate Division, First Department, the petitioner made a similar claim. He alleged the trial court denied him due process and his Sixth Amendment right to the effective assistance of counsel by responding to the jury's request to visit the crime scene without first revealing the jury's note to his trial counsel and affording him an opportunity to suggest an appropriate response.

The Appellate Division concluded that the issue was not preserved for appellate review because Cintron's trial counsel failed to comply with New York's contemporaneous-objection rule. More specifically, Cintron's counsel objected to the trial court's decision not to grant the jury's request to visit the crime scene -- a request he had made previously -- but never protested, as error, the procedure the trial court followed in responding to the jury's written request to view the crime scene. As noted above, the New York Court of Appeals summarily denied the petitioner's request for leave to appeal from the Appellate Division's determination on this claim. "Where, [as here,] there has been one reasoned state judgment rejecting a federal claim, [it is presumed that] later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 2594 (1991).

The respondent contends the Appellate Division's reliance on New York's contemporaneous-objection rule, in disposing of the petitioner's federal claim, precludes him from obtaining review of that claim through this petition. According to the respondent, this is so because the state court relied on an independent and adequate state-law ground when it adjudicated the claim.

A procedural default in a state court will bar federal habeas review where "the last state

court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989) (citation omitted). Moreover, "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of a federal claim." Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996) (citations omitted). Procedural default is typically an affirmative "'defense' that the State is 'obligated to raise' and 'preserv[e]' if it is not to 'lose the right to assert the defense thereafter.'" Trest v. Cain, 522 U.S. 87, 89, 118 S. Ct. 478, 480 (1997) (citations omitted). The party asserting an affirmative defense not only must plead it, but also generally bears the burden of proving it. See Drexel Burnham Lambert Group Inc. v. Galadari, 777 F.2d 877, 880 (2d Cir. 1985). A federal claim procedurally defaulted in state court will be reviewed by a federal habeas court if a petitioner demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the [claim(s)] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750, 111 S. Ct. at 2565.

A state procedural rule is "independent" of the merits of a federal claim when the state court actually relies on the procedural bar as an independent basis for its disposition. See Harris, 489 U.S. at 260-61, 109 S. Ct. at 1042. Here, the Appellate Division found that the instant due process claim was "unpreserved for appellate review" because the petitioner never lodged a protest in the trial court to the erroneous procedure employed by that court when it responded to a note from the jury requesting that it be allowed to visit the crime scene. Instead, the petitioner raised the trial court's procedural error, for the first time, when he appealed from the judgment of conviction. Although the Appellate Division declined to review the claim on the merits, it

explained that:

> Were we to review this claim, we would find that, while the procedure employed by the court failed to follow the sequence set forth in O'Rama, the error was harmless because defense counsel was given an opportunity to be heard regarding the response before the jury had an opportunity to deliberate.

Cintron, 273 A.D.2d at 84, 709 N.Y.S.2d at 68.

While the Appellate Division indicated how it would dispose of the petitioner's federal claim on the merits, it rested its decision on a procedural ground, independent of the federal law claim: the defendant's failure to comply with New York's contemporaneous-objection rule. See CPL §470.05.

The Supreme Court has held consistently that "'the question of when and how defaults in compliance with state procedural rules can preclude . . . consideration of a federal question is itself a federal question.'" See Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Johnson v. Mississippi, 486 U.S. 578, 587, 108 S. Ct. 1981, 1987 [1988]). "[A] state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed,'" and "[s]tate courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims." Hathorn v. Lovorn, 457 U.S. 255, 262-63, 102 S. Ct. 2421, 2426 (1982) (citing Barr v. City of Columbia, 378 U.S. 146, 149, 84 S. Ct. 1734, 1736 [1964]). "Ordinarily, violation of 'firmly established and regularly followed' state rules . . . will be adequate to foreclose review of a federal claim[,]" save for "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." Lee v. Kemna, 534 U.S. 362, 376, 122 S. Ct. 877, 885-86 (2002); see Cotto v. Herbert, 331 F.3d 217, 239-40 (2d Cir. 2003).

A state contemporaneous-objection requirement violation is an adequate procedural ground for barring review of a claim in a federal habeas corpus proceeding, if it is established that at the time the procedural bar is applied: (1) "[the state] actually had a contemporaneous-objection requirement for claims such as [the petitioner] now advances;" and (2) "that this requirement was actually enforced by the state courts themselves." Washington v. Harris, 650 F.2d 447, 451 (2d Cir. 1981), cert. denied 455 U.S. 951, 102 S. Ct. 1455 (1982); see Ford v. Georgia, 498 U.S. 411, 424, 111 S. Ct. 850, 857-58 (1991). However, "it is well established [in New York] that 'no exception is necessary to preserve for appellate review a deprivation of a fundamental constitutional right.'" Washington, 650 F.2d at 451 (quoting People v. McLucas, 15 N.Y.2d 167, 172, 256 N.Y.S.2d 799, 802 [1965]); see People v. Coons, 75 N.Y.2d 796, 797, 552 N.Y.S.2d 94, 95 (1990) ("Errors which 'affect the organization of the court or the mode of proceedings prescribed by law' need not be preserved and, even if acceded to, still present a question of law for this court to review.")

The Second Circuit Court of Appeals has explained that, in determining whether a state procedural rule violation is an adequate ground on which to bar review of a federal claim in a habeas corpus proceeding, "the question [that must be answered] is whether application of the procedural rule is 'firmly established and regularly followed' in the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances." Cotto, 331 F.3d at 240 (citation omitted); see Lee, 534 U.S. at 382, 122 S. Ct. at 889 (although the procedural rules may not have been novel, their application to the facts was). "The Supreme Court has noted that the contemporaneous objection rule rests on 'the general principle that an objection which is ample

9

and timely to bring an alleged federal error to the attention of the trial court and enable it to take appropriate corrective action is sufficient to serve legitimate state interests, and therefore sufficient to preserve the claim for review.'" Cotto, 331 F.3d at 242 (quoting Osborne v. Ohio, 495 U.S. 103, 125, 110 S. Ct. 1691, 1704-05 [1990]).  In the habeas corpus context, three guiding factors are considered when determining the adequacy of a state procedural rule: (1) whether the procedural violation actually affected the trial court's ruling; (2) whether state case law indicated that compliance with the procedural rule was required in the specific circumstance presented; and (3) whether the defendant complied substantially with the rule, in light of the realities of trial.  See id. at 240.

"[T]he likely impact of a timely objection involves a certain degree of speculation. Indeed, the purpose of the contemporaneous objection rule is to give the trial court a clear opportunity to correct any error."  Id. at 243.  Here, a timely protest lodged by the petitioner concerning the trial court's failure to follow applicable New York procedures would not have altered the court's ruling because: (1) a request to have the jury visit the crime scene had been denied during the petitioner's first trial and all judicial rulings made during that trial were adopted for the petitioner's second trial; and (2) the judicial officer presiding at the second trial expressed the view that a visit to the crime scene was unnecessary for the jury, since witness credibility was the central issue for the jury to decide and, further, the crime scene conditions could not be replicated for the jury.  Therefore, the Court finds that the state procedural rule violation committed by the petitioner's trial counsel did not affect the trial court's ruling on the jury's request to visit the crime scene.

CPL § 470.05 requires that "an objection to a ruling or instruction of a criminal court

must be raised contemporaneously with the challenged ruling or instruction in order to preserve the objection for appellate review," and that the objection must be "made with sufficient specificity to enable the trial court to respond." See Green v. Travis, 414 F.3d 288, 294-95 (2d Cir. 2005) (citations omitted).  CPL § 310.30 sets forth the procedure a trial court must employ upon receiving an inquiry from a deliberating jury.

      The petitioner's appeal from the judgment of conviction to the Appellate Division was decided in June 2000.  At that time, New York appellate courts had not developed an evenhanded and regularly followed approach when confronted with CPL § 310.30 procedural violations that were not objected to timely in the trial court.  In some circumstances, the appellate courts enforced New York's contemporaneous-objection rule, see, e.g., People v. Venable, 46 A.D.2d 73, 361 N.Y.S.2d 398 (App. Div. 3d Dep't 1974); People v. Stewart, 81 N.Y.2d 877, 597 N.Y.S.2d 634 (1993); People v. Starling, 85 N.Y.2d 509, 626 N.Y.S.2d 729 (1995); People v. Brundidge, 231 A.D.2d 847, 648 N.Y.S.2d 415 (App. Div. 4th Dep't 1996); People v. Martinez, 225 A.D.2d 474, 639 N.Y.S.2d 380 (App. Div. 1st Dep't 1996); People v. Rivera, 245 A.D.2d 198, 666 N.Y.S.2d 614 (App. Div. 1st Dep't 1997); People v. Pless, 244 A.D.2d 971, 665 N.Y.S.2d 495 (App. Div. 4th Dep't 1997); People v. Ponder, 266 A.D.2d 826, 701 N.Y.S.2d 189 (App. Div. 4th Dep't 1999); People v. DePillo, 262 A.D.2d 996, 693 N.Y.S.2d 376 (App. Div. 4th Dep't 1999); People v. Neal, 268 A.D.2d 307, 701 N.Y.S.2d 393 (App. Div. 1st Dep't 2000); People v. Knight, 270 A.D.2d 158, 706 N.Y.S.2d 317 (App. Div. 1st Dep't 2000); in others, the appellate courts declined to enforce the rule and proceeded to reach the merits of the underlying claim because the courts reasoned the claim presented a question of law implicating "the organization of the court or mode of proceeding prescribed by law," see, e.g., People v.

Mehmedi, 69 N.Y.2d 759, 760, 513 N.Y.S.2d 100, 101 (1987); People v. Boyd, 166 A.D.2d 659, 561 N.Y.S.2d 257 (App. Div. 2d Dep't 1990); People v. O'Rama, supra; People v. Bayes, 78 N.Y.2d 546, 551, 577 N.Y.S.2d 585, 587 (1991); People v. Lykes, 178 A.D.2d 927, 578 N.Y.S.2d 794  (App. Div. 4th Dep't 1991); People v. Bonilla, 186 A.D.2d 748, 589 N.Y.S.2d 61 (App. Div. 2d Dep't 1992); People v. DeRosario, 81 N.Y.2d 801, 595 N.Y.S.2d 372 (1993) (objection to the substance of the colloquies between the trial judge and the deliberating jury sufficient to preserve the issue of the court's failure to follow required procedures); People v. Lee, 192 A.D.2d 308, 595 N.Y.S.2d 471 (App. Div. 1st Dep't 1993) (prompt substantive objection sufficient to preserve a procedural violation); People v. Miller, 163 A.D.2d 491, 558 N.Y.S.2d 591 (App. Div. 2d Dep't 1990); People v. Carballo, 158 A.D.2d 701, 552 N.Y.S.2d 152 (App. Div. 2d Dep't 1990); People v. Cook, 85 N.Y.2d 928, 626 N.Y.S.2d 1000 (1995); People v. Taylor, 192 A.D.2d 35, 597 N.Y.S.2d 347 (App. Div. 1st Dep't 1993).

Given the appellate courts' lack of consistency as noted above, the Court finds that in relation to the instant case, the Appellate Division's reliance on New York's procedural law, its contemporaneous-objection rule, to adjudicate Cintron's federal due process claim was not adequate and does not foreclose review of that claim in this habeas corpus proceeding.[1]  The merits of this claim are addressed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") standards discussed below.

---

[1] The Court is mindful that Cotto describes three guiding factors that should be assessed when the adequacy of a state procedural rule is under consideration.  However, inasmuch as the Court has determined that compliance with New York's contemporaneous-objection rule was not required in the instant case, no analysis of the third Cotto factor is needed.

*Exhaustion of State Remedies*

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. See 28 U.S.C. § 2254 (b) and (c). To satisfy the exhaustion requirement, a habeas corpus petitioner must first "fairly present" his or her claim to the highest state court from which a decision can be rendered. See Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). A claim is fairly presented if the state court was informed of the factual and legal premises of the claim being asserted in federal court. See id. If material factual allegations or legal doctrine are presented in a federal habeas corpus petition that were not presented to the state court, the state court has not had a fair opportunity to rule on the claim. See id. at 191-92. "[I]f a petitioner cites to specific provisions of the U.S. Constitution in his state court brief, the petitioner has fairly presented his constitutional claim to the state court." Davis v. Strack, 270 F.3d 111, 122 (2001); see Reid v. Senkowski, 961 F.2d 374, 376 (2d Cir. 1992) ("a minimal reference to the Fourteenth Amendment satisfies the exhaustion requirement.").

The petitioner maintains he was denied due process when the trial court denied the jury's request to visit the crime scene. He also alleges the prosecution committed misconduct during the delivery of its summation. The respondent contends these claims are unexhausted because the petitioner raised only state-law claims in the New York courts and did not "fairly present" his federal due process claims to the highest court of the state. Alternatively, the respondent contends, the petitioner's due process claims should be deemed exhausted, but procedurally barred, because: (i) the petitioner has no available state remedies he can pursue; (ii) he has failed to show cause and prejudice for his procedural default; or (iii) he has failed to show that a

13

fundamental miscarriage of justice will attend if his claims are not entertained by the court.

The petitioner's state court appellate brief contained the following point heading which concerns the trial court's denial of the jury's request to visit the crime scene:

> THE COURT'S REFUSAL TO GRANT THE REQUEST OF BOTH DEFENSE COUNSEL AND THE JURY ITSELF TO HAVE THE JURY VISIT THE SCENE DENIED APPELLANT HIS DUE PROCESS RIGHT TO A FAIR TRIAL. U.S. CONST., AMEND. XIV; N.Y. CONST., ART I, §6.

The point heading related to Cintron's claim of prosecutorial misconduct was as follows:

> THE PROSECUTOR DENIED APPELLANT HIS RIGHT TO A FAIR TRIAL BY HIS REPEATED MISCONDUCT DURING SUMMATION, WHEN HE VOUCHED FOR THE CREDIBILITY OF THE SOLE WITNESS, UNFAIRLY DENIGRATED THE DEFENSE, AND SHIFTED THE BURDEN OF PROOF. U.S. CONST., AMEND. XIV; N.Y. CONST., ART. I, § 6.

It is clear, from the above, that the petitioner made citation to specific provisions of the Constitution in his appellate brief; therefore, he fairly presented his federal due process claims to the state court for adjudication. Moreover, since the Appellate Division decided Cintron's due process claims on the merits, by finding that the trial "court properly exercised its discretion in denying the requests made by [] the deliberating jury that the jury be taken to the crime scene," and that "[t]he challenged portions of the People's summation were responsive to defendant's summation and did not deprive defendant of a fair trial," Cintron, 273 A.D.2d at 84, 709 N.Y.S.2d at 68, and the New York Court of Appeals denied Cintron's application for leave to appeal to that court, the claims were exhausted.

*AEDPA Standards*

Pursuant to AEDPA, a federal court may grant a writ of habeas corpus where a state court has adjudicated the merits of a claim raised in a federal habeas corpus petition only if the state

court's adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings.  See 28 U.S.C. § 2254 (d).  The Supreme Court has interpreted "the contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) as having independent meaning.  Williams v. Taylor, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 1519 (2000).  A state court decision is "contrary to" the Supreme Court's precedent: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law;" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that reached by the Supreme Court.  Id. at 405, 120 S. Ct. at 1519.  A decision is an "unreasonable application" of clearly established federal law, as determined by the Supreme Court, if: (1) "the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;" or (2) "the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  Id. at 407, 120 S. Ct. at 1520.  If a state prisoner's federal claim was adjudicated on the merits, a federal court must presume any determination of a factual issue made by a state court to be correct and a habeas corpus petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

   Cintron has failed to identify how the state-court decision on his due process claims concerning: (a) the trial court's failure to follow applicable procedures for answering a

15

deliberating jury's written requests; (b) the trial court's denial of the jury's request to visit the crime scene; and (c) the prosecutor's misconduct during the delivery of his summation, was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court.  Furthermore, Cintron has failed to demonstrate that the state-court decision on these claims was grounded on an unreasonable determination of the facts in light of the evidence presented at his trial.  Moreover, Cintron has not presented any evidence to the Court that rebuts the presumption of correctness that is accorded to the state court's factual findings on his claims.  See 28 U.S.C. § 2254(e)(1).  Accordingly, the petitioner is not entitled to habeas corpus relief based on these due process claims.

The petitioner's allegations, that his conviction was secured through the prosecution's knowing use of perjured and false testimony -- from a witness who has since recanted his trial testimony -- and, further, that exculpatory evidence was withheld from him by the prosecution were also adjudicated on the merits by the state court.  Therefore, they too are subject to the AEDPA standards discussed above.  The respondent contends Cintron has not met the burdens, examined above, placed on him by 28 U.S.C. § 2254(d) and 28 U.S.C. § 2254(e)(1) as they relate to these claims.  The Court agrees.

Therefore, under the circumstances, the petitioner is not entitled to habeas corpus relief based on his contentions respecting: (i) the prosecution's use of perjured and false testimony; (ii) its suppression of exculpatory evidence; or (iii) the recantation made by the prosecution's principal trial witness.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the petitioner's application for a writ of

17

habeas corpus be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Loretta A. Preska, 500 Pearl Street, Room 1320, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Preska, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
February 2, 2007

Respectfully submitted,

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Edgardo Cintron
Jillian E. Wieder, Esq.

17